IN THE CIRCUIT COURT OF LAFAYETEE COUNTY, MISSISSIPPI
Third Circuit Court District

LAFAYETTE COUNTY
FILED
DEC 0 9 2022
JEFF BUSBY
CIRCUIT CLERK
BY _____ D.C.

YAMIKA BANKS

**PLAINTIFF**

v.

CAUSE NO: L22-591

USDC No. 3:23CV58-NBB-RP

CAVALIER HOMES, INC., AND
REGIONAL ENTERPRISES, LLC,

**DEFENDANTS.**

## COMPLAINT

Comes now the Plaintiff, Yamika Banks, by and through her attorneys, and files this, her First Complaint against Defendant Cavalier Homes, Inc. and Defendant Regional Enterprises, LLC, and in support thereof would respectfully show unto this Honorable Court the following, to wit:

### I. PARTIES

1. Yamika Banks is an adult resident citizen of Lafayette County, Mississippi.

2. The Defendant, Cavalier Homes, Inc., dba Buccaneer Homes (hereinafter "Buccaneer"), was formed in Delaware and is not registered to do business in Mississippi. It may be served with process by service upon its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

3. The Defendant, Regional Enterprises, LLC dba Town & Country Homes of Tupelo (hereinafter "Town and Country"), is a Mississippi corporation. It may be served with process by service upon its registered agent, Neil Godfrey, 5352 Lakeland Dr., Suite 1400, Flowood, Mississippi 39232.

1



## II. JURISDICTION AND VENUE

4. The Lafayette County Circuit Court has original jurisdiction in all actions when the principal of the amount in controversy exceeds two hundred dollars, pursuant to Mississippi Code § 9-7-81. Venue is proper in Lafayette County Circuit Court pursuant to Mississippi Code § 11-11-3, where a substantial act or omission occurred.

## III. STATEMENT OF FACTS

5. Upon information and belief, Buccaneer built the manufactured home that is the subject of this dispute.

6. On or about August 14, 2019, Plaintiff contracted with Town & Country for the purchase of the manufactured home that was constructed and/or built by Buccaneer Homes. (Exhibit A)

7. On or about August 14, 2019, Plaintiff contracted with Town & Country for Town & Country to prepare the dirt pad for the manufactured home to be installed on. (Exhibit A)

8. On or about August 14, 2019, Plaintiff contracted with Town & Country for Town & Country to install the septic system for the manufactured home. (Exhibit A)

9. On or about August 14, 2019, Town and Country agreed to deliver and set-up the manufactured home on the Plaintiff' property. (Exhibit A)

10. Town and Country and Buccaneer warrantied that the manufactured home was manufactured in a workman-like manner and would be free from defects in materials and workmanship. (Exhibit B)

11. Town and Country and Buccaneer warrantied that they would service the manufactured home (Exhibit B)

12. On or about August 19, 2019, the Plaintiff entered into a mortgage secured by the Plaintiff's real property and manufactured home to finance the Plaintiff's purchase, delivery, set up, preparation and installation of the manufactured home, the dirt pad, and the septic system.

13. Upon information and belief, Town and Country and Buccaneer caused the manufactured home to be delivered and/or installed and set up in a damaged or defective condition.

14. Upon information and belief, Town and Country and Buccaneer caused the manufactured home to be set up and installed in a manner that caused the structure of the manufactured home to bend and/or warp.

15. Upon information and belief, the manufactured home has multiple defective or damaged oriented strand board ("OSB") joints caused by Town and Country's and Buccaneer's failure to properly set up and install the manufactured home.

16. Upon information and belief, the manufactured home has sagging floors, cracked floors, cracked sheetrock, windows and doors that do not operate properly, and other defects that were caused by Town and Country's and Buccaneer's faulty manufacture or their failure to properly set up and install the manufactured home, damaging it.

17. Upon information and belief, Town and Country and Buccaneer failed to properly prepare the dirt pad, causing damage to the manufactured home.

18. Upon information and belief, Town and Country and Buccaneer failed to properly install the septic system, causing damage to the manufactured home.

19. Upon information and belief, beginning in early 2020, and many times on an ongoing basis thereafter, the Plaintiff notified Town and Country and Buccaneer of the manufactured home's defects and damage.

20. Upon information and belief, Town and Country and Buccaneer have not remedied the damage or defects in the manufactured home.

21. Upon information and belief, Town and Country and Buccaneer have not remedied the defects in the preparation of the dirt pad.

22. Upon information and belief, Town and Country and Buccaneer have not remedied the defects in the preparation of the septic system.

## IV. CAUSES OF ACTION
### COUNT ONE: BREACH OF CONTRACT

23. The Plaintiff adopts all previous paragraphs and incorporates same by reference.

24. Town and Country and Buccaneer breached the contract by not adequately and properly delivering, setting up, and installing the Plaintiff's manufactured home in accordance with the contract and federal and state law.

25. Town and Country and Buccaneer breached the contract with the Plaintiff by not adequately or properly preparing the dirt pad for the delivery and set up of the manufactured home.

26. Town and Country and Buccaneer breached the contract with the Plaintiff by not adequately or properly installing the manufactured home's septic system.

27. Town and Country and Buccaneer breached the contract to service the manufactured home by not providing adequate or proper service of the manufactured home, as warrantied.

### COUNT TWO: BREACH OF EXPRESS WARRANTY

28. The Plaintiff adopts all previous paragraphs and incorporates same by reference.

29. Town and Country and Buccaneer expressly warranted that the manufactured home was manufactured in a workman-like manner and would be free from defects in materials and workmanship. (Exhibit B)

4

30. Town and Country and Buccaneer expressly warranted that it would repair any defects in the home. (Exhibit B)

31. Town and Country and Buccaneer expressly warranted that it would provide service needed to repair the manufactured home. (Exhibit B)

32. Upon information and belief, the manufactured home has significant structural problems caused by faulty materials and workmanship.

33. Upon information and belief, Town and Country and Buccaneer breached the express warranty by failing to manufacture the home in a workman-like manner and free from defects in materials and workmanship.

34. Due to Buccaneer's breach of its express warranty, the Plaintiff was damaged in the amount of $140,000, or in an amount to be proven at trial.

## COUNT THREE: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY AND OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

35. The Plaintiff adopts all previous paragraphs and incorporates same by reference.

36. Town and Country and Buccaneer sold or contracted to sell manufactured homes and is therefore a seller as defined by Miss. Code Ann. § 75–2–103(1)(d). *Hargett v. Midas Int'l Corp.*, 508 So. 2d 663, 665 (Miss. 1987).

37. Buccaneer manufactured and constructed the manufactured home for the purpose of selling it to a consumer.

38. The manufactured home was constructed for the purpose of serving as a private residence.

39. Implied in the contract between the Plaintiff and Town and Country and Buccaneer is that the manufactured home was merchantable and fit for its particular purpose.

5

40. Implied in the contract between the Plaintiff and Town and Country and Buccaneer is that the manufactured home was fit for an ordinary purpose and for the particular purpose for which it was sold, i.e., to be Plaintiff's residence.

41. Town and Country and Buccaneer impliedly warranted that the manufactured home was habitable and free from dangers and defects and hazards.

42. Town and Country and Buccaneer impliedly warranted that the manufactured home was manufactured, delivered, and installed in compliance with appropriate federal, state, HUD, and industry standards.

43. Upon information and belief, Buccaneer and Town and Country sold the manufactured home in a defective condition that impaired the Plaintiff's intended use of the manufactured home as the Plaintiff's residence.

44. Upon information and belief, the Defendants' own actions during the Defendants' control of the manufactured home caused the defects and damage to the manufactured home.

45. The Defendants Town and Country and Buccaneer have breached implied warranties and caused damage to the Plaintiff's property.

46. Town and Country's and Buccaneer's breaches injured the Plaintiff in the amount of $140,000.

47. Due to Defendants' breaches, Plaintiff seeks to rescind the purchase and sale of agreement and deed of trust.

48. Plaintiff also seeks attorneys' fees, expenses, and legal costs in an amount to be determined at trial.

## COUNT FOUR: NEGLIGENCE
### (NEGLIGENT CONSTRUCTION, DELIVERY INSTALLATION, AND REPAIR)

49. The Plaintiff adopts all previous paragraphs and incorporates same by reference.

6

50. At all relevant times, Town and Country and Buccaneer owed the Plaintiff a duty to exercise reasonable and ordinary care in Town and Country's and Buccaneer's construction, sale, delivery, set-up, installation, preparation, service, and repair of the manufactured home.

51. Upon information and belief, Town and Country and Buccaneer breached their duty of reasonable care by:

    a. failing to adequately or properly prepare the manufactured home's dirt pad foundation in violation of Miss. Code Ann. §75-49-1, et. seq. and 24 CFR 3280 and 3285;

    b. failing to adequately or properly install a manufactured home's septic system in violation of Miss. Code Ann. §75-49-1, et. seq. and 24 CFR 3280 and 3285;

    c. failing to design a drainage system that provides an adequate circulation of air in all piping with no danger of siphonage, aspiration, or forcing of trap seal under conditions of ordinary use at the initial installation performance stage of the manufactured home in violation of in violation of Miss. Code Ann. §75-49-1, et. seq. and 24 CFR 3280 and 3285; and

    d. failing to properly set up and install the Plaintiff's manufactured home in violation of Miss. Code Ann. §75-49-1, et. seq. and 24 CFR 3280 and 3285.

52. Under information and belief, Town and Country and Buccaneer breached the duty of reasonable care by not servicing and not making adequate and sufficient repairs to the manufactured home when notified by Plaintiff of its damaged and/or defective condition.

53. As a direct and proximate cause of Town and Country and Buccaneer's negligent construction, transport, delivery, preparation, installation, set up, and repair of the manufactured home, the Plaintiff sustained damages in the amount of $140,000, or in an amount to be proven at trial.

7

## COUNT FIVE: GROSS NEGLIGENCE

54. The Plaintiff adopts all previous paragraphs and incorporates same by reference.

55. Buccaneer and Town and Country have known since on or about September 2019, that the manufactured home was constructed, transported, delivered, installed, prepared, and/or set up in a defective and damaged condition that required significant repairs to avoid further damage to the manufactured home.

56. Upon information and belief, Buccaneer and Town and Country have known since on or about spring 2020, that the contract, the express and implied warranties, and the duty of reasonable care required Buccaneer and Town and Country to repair the defective and damaged condition of the manufactured home, the dirt pad, and the septic system.

57. Upon information and belief, despite Buccaneer's and Town and Country's knowledge of the defective and damaged condition of the manufactured home and the inadequacy of the dirt pad and septic system, Buccaneer and Town and Country have willfully and recklessly refused to repair the manufactured home, the dirt pad, and the septic system.

58. Upon information and belief, despite Buccaneer's and Town and Country's willfulness and recklessness have caused irreversible damage to the property of the Plaintiff.

59. Upon information and belief, as a result of Town and Country's and Buccaneer's willful and reckless refusal to make required repairs to the manufactured home, the dirt pad, and the septic system, the Plaintiff's property was permanently damaged in the amount of $140,000.

60. Wherefore Plaintiff seeks $140,000, plus attorneys' fees, court costs, and punitive damages in an amount to be proven at trial.

## COUNT SIX: VIOLATION OF MAGNUSON-MOSS WARRANTY ACT

61. The Plaintiff adopts all previous paragraphs and incorporates same by reference.

62. Town and Country and Buccaneer offered a written warranty to Plaintiff. (Exhibit B)

63. Town and Country and Buccaneer unlawfully disclaimed implied warranties in its written warranty to Plaintiff. (Exhibit B)

64. Upon information and belief, Town and Country and Buccaneer unlawfully made deceptive warranties to Plaintiff by providing a written warranty to Plaintiff that Town and Country and Buccaneer had no intention of actually providing and have not, in fact, provided.

65. Plaintiff has been damaged by Town and Country's and Buccaneer's failure to honor their own express warranty and implied warranties that it was unlawful for Town and Country and Buccaneer to disclaim.

66. Due to Town and Country's and Buccaneer's violation of the Magnuson–Moss Warranty Act, Plaintiff seeks rescission of her contract and mortgage with Town and Country or $140,000 in actual damages, punitive damages, attorneys' fees, expenses, and legal costs in an amount to be proven at trial.

Respectfully submitted, this the 9th day of December 2022.

By: /s/ Desiree Hensley
Jordan B. Hughes, MSB #104476
Desiree C. Hensley, MSB#102755
University of Mississippi, Clinical Programs
481 Chucky Mullins Drive
University, MS 38677
(662) 915-2951 (Jordan)
(662) 915-6896 (Desiree)
(662) 915-7447 (fax)
jbh@olemiss.edu
dhensley@olemiss.edu

9



# Town & Country
## HOMES

Town & Country Homes of Tupelo

4444 S Green Street, Tupelo, MS 38801

662.690.1501

**PLEASE MAKE ALL CHECKS PAYABLE TO REGIONAL ENTERPRISES, LLC**

| Buyer(s): | Brandon Banks / Yamika Banks | | | | | Date: | 8/14/2019 |
|---|---|---|---|---|---|---|---|
| Phone: | 6628327570 | | Email: | bran427@live.com | | Sales Lot | TAC |
| Mailing Address: | 1205 Debbie Ln, Oxford, MS 38655 | | | | | Salesperson | Laranda |
| Delivery Address: | 48 CR 199, Oxford, MS 38655 | | | | | County | Lafayette |
| Apprx Yr: | 2018 | Apprx Size: | width 32 feet | length (hitch) 84 feet | length (box) 80 feet | Bed/Bath: 4+3.00 | Stock #: 49546Y |
| Serial Number: | CBC049546ALAB | | | Mfg | Buccaneer | New/Used | New |
| Lienholder Information | Cascade Financial Services | 3345 S Val Vista Dr, Ste 300, Gilbert, AZ 85297 | | | | | | |

| Options | | Sales Price | |
|---|---|---|---|
| Dirt Pad | YES | Base Price of Unit with options | $117,900.00 |
| Delivery | YES | Sales Tax (incl. credit for Trade = $0.00 ) | $3,831.75 |
| Skirting | YES | Improvements | |
| A/C | YES | Insurance | $0.00 |
| Trim Out | YES | Title | $0.00 |
| Temporary Steps | YES | Appraisal Fee | $0.00 |
| Site Improvements | YES | Improvements (septic and electrical hookups) | $5,000.00 |
| ** Options listed above are for Summary Purposes Only. See Deliver Ticket / Buyer's Responsibilities included for details ** | | (1) Total Package Price | $126,731.75 |
| If Seller has provided any products or services prior to the completion of this transaction and Buyer subsequently fails to complete the home purchase, Buyer foreits any and all Cash/Trade/Deed Down Payment held by Seller. | | Previous Deposits | $5,000.00 |
| | | Cash Due at Closing | $0.00 |
| | | Trade-In Allowance (Net) | $0.00 |
| THIS AGREEMENT SUPERCEDES ALL AGREEMENTS AGREEMENTS MADE PRIOR TO THE DATE LISTED | | (2) Less Total Credits | $5,000.00 |
| | | (3) Remaining Purchase Price Due | $121,731.75 |

**Trade-In Information**

Year: 
Size: 
Manufacturer: 
Serial #: 
Location: 

Buyer: *[signature: Brandon Banks]*
Social Security #: 427678256

Co-Buyer: *[signature: Yamika Banks]*
Social Security #: 427552712

*[signature]*
Seller: by its Agent

Seller shall have 60 days after the date of delivery of Buyer's new home to remove Trade-In from Buyer's property. Seller shall have the right to abandon Trade-In. Buyer assumes all liability and rights should seller abandon Trade-In in writing.

EXHIBIT A

1 of 6

# DELIVERY TICKET/
# BUYER'S RESPONSIBILITIES

| | YEAR: | SIZE: | MANUFACTURER: | SERIAL NUMBER: | STOCK # |
|---|---|---|---|---|---|
| Description of Home: | 2018 | 32x84 | Buccaneer | CBC049546ALAB | 49546Y |
| Delivery Address: | 48 CR 199, Oxford, MS 38655 | | | | |

It is understood and agreed by all parties that the Seller has made no representations regarding the condition of the Home and there are NO WARRANTIES of any kind, limited expressed or implied and the Buyer is accepting the above mentioned Home in its "As Is" condition except for ONLY what is listed on this "Promise Sheet." The parties intend that this agreement, together with all attachments, schedules, exhibits, and other documents that both are referenced in this agreement and refer to this agreement, represent the final expression of the parties' intent and agreement between the parties relating to the subject matter of this agreement, contain all the terms the parties agreed to relating to the subject matter, and replace all the parties' previous discussions, understandings, and agreements relating to the subject matter.

1.) Buyer(s) is(are) responsible for obtaining any and all permits required by local, county, state, or any other jurisdiction's laws or regulations, to place the home on the site listed as "Delivery Address." Buyer(s) must represent to Seller if the Delivery location is in a flood way or flood zone and acknowledge all regulations have been met.

2.) See Notice of Manufacturer's Warranty following.

3.) Dirt Pad Only - Seller agrees to prepare the Dirt Pad for the Home in accordance with the State regulations. Buyer(s) agree to have the site area ready for Seller or Seller's agent to prepare the Dirt Pad. Buyer(s) is(are) reasponsible for providing a clear and unobstructed path (including underground pipes, wires, etc.) from a government maintained road to the home site. Buyer(s) shall be reasponsible for any damages caused the Buyer's property (leased, rented, or owned) during the preperation of the Dirt Pad.

4.) Seller agrees to Deliver and Set-up the Home at the Delivery Address. Buyer(s) are reasponsible for ensuring a clear path from the public road to their home-site. Buyer(s) assume all liability for damage to the Home or property caused by delivering the Home to Buyer's home-site. Buyer(s) must have a representative at the delivery site to insure proper placement of your Home. Seller is reasponsible for a standard set-up. Buyer(s) could be charged for use of extra blocks or use of special equipment such as bulldozers or wreckers. Tires and axles remain the property of the Seller. If Buyer(s) do not allow Seller to deliver the home within 30 days of this transaction, the Customer is reasponsible for any and all damages that take place after the 30 days.

5.) Seller agrees to provide White Vinyl skirting/underpinning materials and installation of the skirting/underpinning material. Seller will not install skirting until after all utility and A/C connections have been completed. Buyer is reasponsible for notifying Seller when the home is ready for the skirting/underpinning to be installed. Seller will then schedule the skirting installation within 30 days after Buyer notifies seller of all utility

6.) Seller agrees to provide and install an AC Unit in accordance with the size of the home or the Manufacturers specifications. Seller will not install the A/C Unit until all electrical connections have been made including a disconnect switch for the A/C compressor. Buyer is responsible for notifying Seller when the home is has been hooked up to electricity and is ready for A/C installation. Seller will then schedule the skirting

7.) Seller agrees to Trim Out the home after the home has been Delivered and set. Trim Out refers to all cosmetic work to be performed at the marriage line of multi section homes.

8.) Seller agrees to provide Buyer(s) with 2 sets of Temporary Steps. Florida ONLY - Steps will be County Approved Steps in place of Temporary Steps. These steps should NOT be used permanently.

9.) Seller agrees to install or have installed a septic tank or similar in accordance with state and local regulations. Buyer(s) must provide clear access for Seller or Sellers agent. Buyer(s) assumes liability for all damages due to lack of clear access. Seller agrees to install or have installed a Power Pole in accordance with Customers utility requirements. Buyer(s) agree to provide seller with the utility requirements. Buyer(s) are reasponsible for coordinating with utility provider for meter placement. Buyer(s) is(are) reasponsbile for hooking up water service to the Home. Buyer(s) is(are) reasponsbile for hooking up sewer service to the Home. Buyer(s) is(are) reasponsbile for hooking up electrical service to the Home. Buyer(s) is(are) reasponsbile for hooking up water service to the Home. Buyer(s) is(are) reasponsbile for hooking up sewer service to the Home. Buyer(s) is(are) reasponsbile for hooking up electrical service to the Home. Buyer(s) is(are) reasponsbile for hooking up water service to the Home. Buyer(s) is(are) reasponsbile for hooking up sewer service to the Home. Buyer(s) is(are) reasponsbile for hooking up electrical service to the Home.

10.)

BY SIGNING BELOW, THE BUYER AND SELLER ACKNOWLEDGES THAT THERE HAS BEEN NOTHING PROMISED TO THE BUYER FROM THE SELLER OTHER THAN WHAT IS LISTED ABOVE.

_[signature]_  
Buyer

_[signature] Jamitta Banks_  
Buyer

8/14/2019  
Date

_[signature]_  
Seller: by its Agent

## ONE YEAR LIMITED WARRANTY AND BINDING DISPUTE RESOLUTION AGREEMENT

This One Year Limited Warranty and Binding Dispute Resolution Agreement applies to your home*, and your agreement to the terms of the One Year Warranty and Binding Dispute Resolution Agreement is a condition of the sale of your home and of the Manufacturer's performance of the Limited Warranty. This One Year Limited Warranty and Binding Dispute Resolution Agreement constitutes and shall be interpreted as one agreement.

*Some manufacturing plants offer broader express home warranties than those expressed in this Homeowner's Manual. Unless attached hereto, the only manufacturer's express warranty applicable to your Home is that set forth herein.

### LIMITED WARRANTY

For purposes of this Limited Warranty, the terms set forth below have the following meanings:

- "Defect(s)" means any failure to comply with an applicable building code and state and federal law that was in effect when the home was manufactured, except to the extent that such failure is excluded or otherwise not covered by this Limited Warranty.

- "Home" means a new manufactured or modular home manufactured by the Manufacturer and purchased by the Original Purchaser(s).

- "Original Purchaser(s)" means the individual(s) or entity who bought the home from an authorized dealership and who use or permit others to use the home for personal, family, or household purposes (rather than for commercial or industrial purposes).

- "Manufacturer" means Buccaneer Homes, along with any divisions or subsidiaries.

- "Warranty Period" means a period of 12 months, which period begins when a home is installed on the property of the Original Purchaser(s) or the designee of the Original Purchaser(s).

Manufacturer extends this Limited Warranty to the Original Purchaser(s) of any home and any person to whom the Original Purchaser(s) transfer title to the home. Only the Original Purchaser(s) and persons to whom the Original Purchaser(s) transferred title may enforce this Limited Warranty. This Limited Warranty applies only while the home is located at the Original Purchaser(s)' initial site. Some states do not allow limitations on how long an implied warranty lasts, so some limitations set forth in this Limited Warranty may not apply to you.

This Limited Warranty is in addition to, and not in derogation of, all other rights and privileges which the Original Purchaser may have under any applicable law.

Subject to the terms and conditions set forth in this Limited Warranty, the Manufacturer warrants that the home is manufactured in a workman-like manner and will be free from Defects in materials and workmanship during the Warranty Period.

In the event that (a) the home contains a Defect that was present at the time of its manufacture, (b) Manufacturer is provided with written notice of the Defect (as provided for hereafter) during the Warranty Period, (c) such Defect is covered by this Limited Warranty, and (d) such Defect is not excluded from this Limited Warranty, Manufacturer will either (1) repair or cause the repair of the Defect or (2) replace or cause the replacement of the component in which the Defect appears. Manufacturer shall elect whether to repair or replace a component in which a Defect appears. Repair or replacement, as may be elected by the Manufacturer, provide your exclusive remedy under this Limited Warranty. Note: Replacement parts may have slight variations in color.

To obtain performance of Manufacturer's obligations under this Limited Warranty, the Original Purchaser must provide the Manufacturer with written notice identifying the Defect and requesting warranty service. The following are the addresses and telephone numbers for the divisions responsible for the performance of obligations under this Limited Warranty:

Buccaneer Homes
2039 Bexar Avenue East
Hamilton, AL 35570
205.921.3135

If the plant responsible for performing obligations under this Limited Warranty has not resolved your problems within a reasonable time period, then contact the Corporate Office either by mail or telephone.

Customer Advocacy Department
5000 Clayton Road
Maryville, Tennessee 37804

The address of the Manufacturer of the home covered by this Limited Warranty is indicated on either the front of your Homeowner's Manual or the Data Plate located in your home. To learn more about the Data Plate, see page 19 of this Homeowner's Manual.

## ONE YEAR LIMITED WARRANTY AND BINDING DISPUTE RESOLUTION AGREEMENT

Warranted repairs or replacement will be completed within a reasonable time or the time required by applicable law, but the time required for repair or replacement will depend upon the availability of parts or labor, the accessibility of the Home, the weather or the season of the year, and other factors outside of Manufacturer's control. Repair work performed or authorized under this Limited Warranty is warranted under the same terms and conditions of this Limited Warranty until the end of the Warranty Period or the time provided by applicable law, whichever is longer.

MANUFACTURER EXPRESSLY DISCLAIMS ANY IMPLIED WARRANTIES OF ANY KIND OR NATURE INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND HABITABILITY. TO THE EXTENT APPLICABLE LAW PROHIBITS THE DISCLAIMER OF ANY IMPLIED WARRANTY, AND IN THE EVENT THAT SUCH IMPLIED WARRANTY IS OTHERWISE EXTENDED AS A MATTER OF LAW, SUCH WARRANTY IS LIMITED IN DURATION TO A PERIOD OF ONE YEAR.

IN NO EVENT SHALL THE MANUFACTURER HAVE ANY LIABILITY TO THE ORIGINAL PURCHASER(S) OR ANY OTHER PERSON FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING ECONOMIC LOSS OR EXTRA EXPENSE INCURRED. For example, the following are NOT covered by this Limited Warranty:

- Inconvenience;
- Lodging, meals, or other travel costs;
- Loss of home use;
- Payment for loss of time or pay;
- State or local taxes required on warranty repair;
- Storage.

SOME STATES DO NOT ALLOW THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU.

THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS, AND YOU MAY ALSO HAVE OTHER RIGHTS WHICH VARY FROM STATE TO STATE.

THE ONE YEAR LIMITED WARRANTY DOES NOT COVER THE FOLLOWING:

- Any home moved from the site where the home originally was set-up.
- Any home installed or located outside the continental United States.
- Any home used in whole or in part for commercial or industrial purposes.
- Claims, demands, or liabilities arising out of the leasing of the home.
- Subject to applicable law, any item manufactured or installed by a third party, including appliances or accessories; provided that if the Manufacturer installs an item manufactured by a third party, this Limited Warranty will cover Defects resulting from improper installation.
- Expenses incurred to repair the home that are not approved by the Manufacturer in advance.
- Damage to personal property other than the home.
- Shadows in the ceiling due to mud texture buildup at ceiling joints.
- Roof rumble and other roof noises on a home equipped with a metal roof.
- Defects or damages resulting from:
  - Improper transportation, unless such Defect or damage results from improper transportation by the Manufacturer.
  - Improper installation, leveling or re-leveling of the home or installation of skirting or other accessories provided by your retailer.
  - Failure to properly perimeter block exterior doors.
  - Failure to properly seal a multi-section home.
  - Failure to properly install plumbing and electrical "cross-overs" and connections.
  - Settling of the home or shifting soil conditions (such as glass/mirror cracking or breakage, door adjustments, minor drywall and ceiling cracks).
  - The use of fixed or portable kerosene, LPG, natural gas or other forms of fuel-burning unvented heater(s) or unvented gas logs in the home.
  - Soot or smoke damage caused by use of candles in home.
  - Frozen pipes.
  - Any structures attached to the home, including decks and porches.

8

## ONE YEAR LIMITED WARRANTY AND BINDING DISPUTE RESOLUTION AGREEMENT

- Abuse, misuse, negligence, accident, theft, vandalism, natural disasters or acts of God.
- Alteration or modification of the home.
- Condensation, mold and mildew.
- Deterioration caused by exposure to ground moisture.
- Inadequate drainage from beneath the home.
- Normal deterioration due to wear or exposure.
- Wear and tear in stock and display homes.
- Lack of maintenance.
- An oversized air conditioning system. Contact your retailer or Manufacturer for information concerning the proper method for right-sizing a system for your home.
- Any consequential damages due to the use of room/window air-conditioners.
- Failure to comply with instructions contained in the Homeowner's Manual or the Manufacturer's Installation Manual or installation instructions.
- Heavy furniture, artwork, appliances, or other items that exceed the home's structural capacity, including but not limited to: safes, tanks, chests, sculptures, or freezers. Cosmetic damage or imperfections including, but not limited to, the following:
  - Broken, chipped or scratched glass, mirrors, or electrical cover plates.
  - Dents, gouges, scratches, or scuffs in vinyl floor coverings, walls, doors, cabinets, moldings, countertops, appliances, or plumbing fixtures, including toilet seats, shower stalls and tubs.
  - Stains, cuts and/or tears in and on carpets, floor coverings, and window treatments.
  - Visible floor decking seams in areas with roll goods or tile floor coverings.
  - Damaged or stained hardware (such as door pulls, knobs, towel bars, etc.), shower doors, exterior siding, trim or shutters.
  - Broken, missing or loose trim or gaps in trim.
  - Minor drywall and ceiling cracks.
  - Torn or damaged window screens or shower curtains.
- On homes with hinged roofs, the exposed surface of the shingle tabs may vary in the runs of shingles at the hinged area. (usually three to four courses)
- In cases where vinyl floor coverings have to be replaced due to damage, only the floor covering in the room affected will be changed. Tile bar(s) will be used at doorways or other room transitions. Additionally, quarter-round molding may be used around the perimeter of the room as a result of the floor covering change.
- It is not uncommon for vinyl siding to expand during periods of extreme heat, which can create a wavy look to the exterior of the home. As the heat dissipates, so will this issue.

Even though cosmetic damage and imperfections <u>are not covered</u> by the Limited Warranty, should cosmetic damage or imperfections be present at the time the home is delivered to the Original Purchaser, the Manufacturer will repair or cause the replacement of such cosmetic damage or imperfection provided you give the Manufacturer written notice of such cosmetic damage or imperfection within thirty (30) days of the date when the home was installed. The Manufacturer will not repair cosmetic damage that have not been set forth in written notice received within thirty (30) days of the date when the home was installed.

THE REMEDIES PROVIDED IN THIS LIMITED WARRANTY ARE YOUR EXCLUSIVE REMEDIES; THE MANUFACTURER IS NOT RESPONSIBLE FOR ANY UNDERTAKING, REPRESENTATION, OR WARRANTY MADE BY ANYONE OTHER THAN THE MANUFACTURER.

IN THE EVENT ANY PROVISION OF THIS LIMITED WARRANTY IS FOUND TO BE UNENFORCEABLE FOR ANY REASON, THE REMAINING PROVISIONS SHALL BE ENFORCEABLE TO THE FULLEST EXTENT PERMITTED BY LAW. IF ANY PROVISION REQUIRED TO BE SET FORTH IN A MANUFACTURER'S WARRANTY BY APPLICABLE STATE OR FEDERAL LAW IS OMITTED FROM THIS LIMITED WARRANTY, SUCH A PROVISION SHALL BE ADDED TO THIS LIMITED WARRANTY AND INCORPORATED BY REFERENCE.

THIS HOME MAY HAVE SUFFERED DAMAGE DURING PRODUCTION, TRANSIT OR WHILE IN CONTROL AND POSSESSION OF THE DEALER AND REPAIRS MAY HAVE BEEN MADE PRIOR TO SALE.

The Manufacturer will undertake all actions that it is ordered to undertake by state or federal agencies regarding your home. However, any such actions shall

9



**Town & Country HOMES**

PH 662-690-1501
FAX 662-690-1518
4444 S. GREEN ST.
Tupelo, MS 38801
www.townandcountryhomes.ms

Date: 8/15

### Town and Country Homes Service Plan

All homes are warrantied by the manufacturer. Town and Country Homes will handle all emergency service including leaks, exterior problems and electrical issues within 48 hours of notification of issues.

The factory is responsible for all service of your home. We will work with the factory to get service scheduled as quickly as possible. Factory service normally takes 30-60 days to complete. PLEASE fill out your customer walk through list and get it back to Town and Country Homes as soon as possible.

We CANNOT send a service request to the manufacturer until we have received this list from you the customer.

Thank you so much for your business and we look forward to working with you.

Customer: _Amanda Bow_

Customer: _Yamika Banks_



# NOTICE OF MANUFACTURER'S WARRANTY

1. You are purchasing a new mobile home that includes a one (1) year Manufacturer's Warranty.
2. Included with your mobile home is your Home Owner's Manual with a "30 Day Inspection Punch List" that should be completed and mailed to the manufacturer.
3. If your mobile home is found to be defective after this transaction, the Buyer should contact the manufacturer if it is within the one (1) year Manufacturer's Warranty period. After this period, Buyer assumes the entire cost of servicing or repair to the home.
3. The Seller will be Held Harmless and is not responsible in any way, shape or form for any of the Improvements or Service that takes place on the home listed below.
4. The Seller does not guarantee that the information provided by the Seller is accurate concerning the Make, Model, Year, Size, Manufacturer, Condition or Acreage (If Applicable). It is the sole responsibility of the Buyer to inspect the home being sold to confirm the accuracy of the information listed in all agreements pertaining to the home being sold.
5. It is the sole responsibility of the Buyer if there is any Lot Rent, Land Fees, Taxes, or any other fee that may occur pertaining to the home listed below.
6. It is the sole responsibility of the Buyer to Purchase New Keys and Locks and to install the New Keys and Locks on each and every door in the home listed below at the expense of the Buyer.
7. The Seller will not be Responsible and will be Held Harmless for any Contract Labor that is hired by the Buyer. The Buyer assumes full responsibility for any Contract Labor that is hired at any time for any reason whatsoever.
8. Buyer should follow the instructions contained in the Home Owner's Manual to maintain the Manufacturer's Warranty.

## THERE ARE NO EXCEPTIONS WHATSOEVER FOR ANY OF THE ITEMS LISTED ABOVE!

| Description of Home: | YEAR: 2018 | SIZE: 32x84 | MANUFACTURER: Buccaneer | SERIAL NUMBER: CBC049546ALAB |
|---|---|---|---|---|
| Address: 48 CR 199, Oxford, MS 38655 | | | | |

By signing below, the Buyer agrees to hold the seller harmless from any loss and the Buyer acknowledges that he/she has read each and every word in the above notice of Manufacture's Warranty Agreement and that the Buyer fully understands all of the language in this agreement; furthermore, the Buyer also acknowledges that he/she is fully aware that there will be absolutely no service, warranty or improvements made by Regional to the home being sold of any kind: limited, expressed or implied.

_[signature]_
Buyer

427678256
Social Security Number

_[signature: Yanika Banks]_
Buyer

427552712
Social Security Number

8/14/2019
Date